No. 39,919

James L. Selanders (now deceased), CHRISTINE SELANDERS, *Appellant*, v. BESSIE L. SELANDERS ANDERSON, *Appellee.*

(291 P. 2d 425)

Opinion filed December 10, 1955.

*T. D. Hampson* and *Harry L. Depew*, both of Fredonia, argued the cause, and *Jack L. Goodrich*, of Parsons, was with them on the briefs for the appellant.

*Oren Gray*, of Parsons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This was an appeal from an order of the trial court whereby the plaintiff, stepmother of two minor children, had been enjoined from proceeding in an adoption proceedings instituted by her, by reason of an application for injunctive relief filed by defendant, the natural mother of the children.

The defendant raised a question regarding the jurisdiction of this court to consider this appeal because G. S. 1949, 60-3306, which reads in part,

"A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record . . .,"

was not followed so far as the present husband of defendant was

concerned. In view of the record and what is hereafter said in this opinion, we need not labor this point because defendant's husband is in the same position as the stepmother so far as rights to custody of the children are concerned. In addition, a further question is raised by defendant that plaintiff filed her amended notice of appeal more than sixty days after the date of judgment. This contention, like the previous one, gives rise to no serious difficulty for the reason that permission was granted by this court for plaintiff to amend her notice of appeal. (G. S. 1949, 60-3310.)

The record disclosed that James L. Selanders and Bessie L. Selanders, his wife, were the natural parents of James Lewis Selanders, Jr., born on March 18, 1943, and Linda Kay Selanders, born November 6, 1944; James and Bessie were divorced and James was granted custody of the two minor children in Labette county; James later married plaintiff in Missouri on April 15, 1946, which ceremony was again solemnized in Kansas on December 5, 1946; James died on March 14, 1947, leaving Christine Selanders, his widow, the plaintiff in this action; on May 26, 1947, in the Labette probate court Christine, stepmother of the children, was granted letters of guardianship over the care and management of the estate of the children; on September 7, 1954, Christine filed a motion in the Labette district court seeking permission to remove the children from the jurisdiction of that court; on September 29, 1954, objection was made to Christine's motion, alleging the fitness of defendant, the natural mother of the children, and her then husband, Charles H. Anderson, and requesting change of custody to defendant and her husband; on October 13, 1954, Christine filed another motion seeking to have custody denied to defendant and alleging that it would be to the best interests of the children to remain with her; on October 2, 1954, Christine withdrew her motion to remove the children from Labette county; all motions were consolidated; Christine asked for and was granted the right to introduce and have the court take judicial notice of and admit the record of hearings held on April 8 and 9, 1949.

On November 15, 1954, custody of the children was granted to defendant; Christine's motion, asking that she be permitted to retain custody of the children and that the court deny defendant's motion that she be granted custody of the children was overruled; Christine was ordered to deliver the custody of the children to

defendant; Christine was to have visitation rights at all reasonable times so long as she properly demeaned herself.

On November 26, 1954, Christine alleged residence in Wilson county and filed a verified petition in the probate court of that county asking to adopt the children. In addition to facts already set out herein, Christine alleged that the minors were in the care and custody of their father and her from the date of their marriage; since their father's death they had been in her care and custody up to the date of the petition; she had cared for all requirements and needs of the children through her own resources and with assistance from Social Security; she stated that she was guardian of the children generally; (this was not confirmed by the record) she further alleged that defendant had for two years wholly failed to assume her duty as mother and parent of the children and that consent of defendant to the adoption of the children was not required because of the premises; she alleged she was in good health and the natural mother of two other children, Leon Selanders, age seven, and Ronnie Banks, age fourteen, and that all four children were endeared to each other in the finest, filial, home-like relationship; that she was industrious, had a good reputation and moral character; and that she had substantial income and means to support, maintain and educate the children.

On December 11, 1954, application was made by Christine in the adoption proceedings in Wilson county to deliver the children in accordance with the order of the Labette district court without prejudice to Christine's rights in the adoption proceedings. This request was granted on the same date. On December 28, 1954, the Wilson probate court made two orders directing Christine to have her natural children present for a hearing on January 4, 1955.

On January 4, 1955, defendant filed a motion to dismiss the adoption proceedings, which motion was overruled January 18, 1955.

On January 20, 1955, defendant filed an application in the Labette district court for an order staying the adoption proceedings and restraining and enjoining Christine from interfering with the order granting custody of the children to defendant. The ultimate result was that Christine was enjoined from proceeding in the Wilson county adoption proceedings and from interfering with the order made by the Labette district court changing custody of the children to defendant. A motion for a new trial was overruled in the same

journal entry of judgment. It was from this injunction order that this present appeal was taken.

The specifications of error were as follows:

"1. The trial court erred in its judgment rendered February 23, 1955, wherein the trial court permanently enjoined and restrained Christine Selanders from prosecuting an action in the Probate Court of Wilson County, Kansas, entitled, 'In the Matter of the Adoption of James Lewis Selanders, Jr., and Linda Kay Selanders, Minors, Case No. A-4409.'

"2. The court erred in its judgment and decision rendered February 23, 1955, whereby the motion for a new trial, of Christine Selanders was overruled."

There was an allusion to a finding or statement in the last journal entry that Christine was "an unfit person to have the care, custody and control of said children." We need not consider this matter raised by appellant in view of what follows in this opinion.

At the outset we have the legal premise that the mother and father are the natural guardians of their minor children. If either dies, or is incapable of acting, the natural guardianship devolves upon the other. (*Johnson v. Best,* 156 Kan. 668, 671, 135 P. 2d 896; G. S. 1949, 59-1802.) The Johnson case further held that where a guardian had been appointed by order of a probate court, the mother's right to custody of her child was not impaired where no issue concerning the mother's fitness in that regard was presented or determined.

In this case the father had been granted the custody of the minor children by the district court of Labette county and after his death, his widow, the stepmother of the children, went into the same court on motion and asked relief in the same divorce case where her deceased husband had been granted custody. This reopened that case so far as the question of custody of the minor children was concerned. The trial court by statute had jurisdiction over the children so far as their guardianship, custody, support, and education were concerned, but appellant, the stepmother, also chose this forum in which to try the question whether she could remove the children from Labette county. Appellant later asked for custody to be granted to her.

The trial court accepted and exercised jurisdiction over the parties and the subject matter. It granted custody to the mother and rights of visitation to the stepmother, who was also denied any rights to retain custody. Appellant did not take an appeal from this judgment but saw fit to go to Wilson county and commence adoption

proceedings, as has already been set out herein. Appellant was enjoined from proceeding in the adoption case, and we think rightly so. She had no inherent or natural right to the children. They belong with their only remaining natural parent, their mother, unless she is adjudged by some court of competent jurisdiction to be an unfit and improper person to have the children.

The trial court did not err in permanently enjoining appellant from proceeding with her petition for adoption or from interfering with the order of the district court of Labette county, or in anywise attempting to change the custody and control of the children. Since the record did not set out the motion for a new trial, and it was not urged on appeal, we conclude the trial court did not err in overruling it.

The judgment is affirmed.